UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WAYNE LIVINGSTON, | ) | |
| | ) | |
| Plaintiff, | ) | 07-2202 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On September 4, 2008, Magistrate Judge David G. Bernthal issued two reports and recommendations in this case. He recommended that the plaintiff's motion for summary judgment or remand be granted, and that the defendant's motion for an order affirming the Commissioner's decision be denied.

The Commissioner has filed an objection to the recommendations. Federal Rule of Civil Procedure 72(b)(2) states that "a party may serve and file *specific* written objections to the *proposed findings and recommendations*." (Emphasis added.) The Commissioner argues that instead of applying the substantial-evidence standard of review, Judge Bernthal reviewed the record to see if the Administrative Law Judge could have found for the plaintiff. Other than this conclusory statement, the defendant has made no specific objections to Judge Bernthal's proposed findings and recommendations. He simply states, "Instead of reiterating all of the arguments in the Commissioner's merits brief as to why substantial evidence supports the ALJ's decision, the Commissioner rests on that brief[.]" Def. Obj., d/e 20, at 1.

The threshold question is whether the Commissioner's objection meets the requirements of Rule 72(b)(2). The Rule requires an objecting party to file a specific written objection to the *Magistrate Judge's recommendations*. In contrast, the merits brief argued that the *Administrative Law Judge* did not err. The arguments are not necessarily the same. "The objections presented . . . are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. ACE Ins. Co.*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004). A party "may not simply restate the arguments that the Magistrate Judge considered and expect the Court to treat the filing seriously." *Betancourt*, 313 F. Supp. 2d at 34 (finding that a Rule 72 objection requires "specific analysis to contradict or counter the *Magistrate's conclusions* of law") (emphasis added); *see also State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 246 F. Supp. 2d 231, 239 (S.D.N.Y. 2002) (noting that resubmitting prior submissions cannot meet the requirements of Rule 72(b)); *Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("the district court should be spared the chore of traversing

1

ground already plowed by the Magistrate"). The Rule contemplates, and the court expects, the objecting party to do more than rest on a previous filing.

The court has reviewed Judge Bernthal's well-reasoned recommendations and, lacking specific guidance from the Commissioner, finds no reason to disagree with Judge Bernthal. The court accepts his recommendations [18, 19], denies the defendant's motion for an order which affirms the Commissioner's decision [15], and grants the plaintiff's motion for summary judgment or remand [12]. This case is remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for (1) reconsideration of the opinions of the plaintiff's treating physicians consistent with the Regulations; (2) reassessment of the plaintiff's credibility; (3) reconsideration of the plaintiff's residual functional capacity, looking at the evidence as a whole and in conjunction with the treating physicians' opinions of the plaintiff's limitations; and (4) more comprehensive hypothetical questioning in regard to the plaintiff's headaches, neck pain, and feeding tube, and adequate explanation of the ALJ's reasoning in regard to these conditions.

This case is terminated.

Entered this  5th  day of November, 2008.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE