UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| WAYNE LIVINGSTON,                         )<br>       Plaintiff,          )<br> v.           )<br>            )<br>MICHAEL J. ASTRUE,     )<br>COMMISSIONER OF SOCIAL          )<br>SECURITY,         )<br>        Defendant.      ) | Case No. 07-2202 |

# REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act (#24). Plaintiff is seeking an award of fees and costs totaling $9,227.38. Plaintiff asserts he is the prevailing party and the Defendant's position was not substantially justified.

Defendant has filed a response (#25) in which he asserts that his position was substantially justified and the fee request was unreasonable. If he is correct with respect to the former contention, Plaintiff is not entitled to an award of fees under the Act. The "substantially justified" criteria comes from the statute. The 7th Circuit Court of Appeals has explained, "The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action . . . ." *Kolman vs. Shala,* 39 F.3d 173 (7th Cir. 1994). It should be clear that if a Plaintiff is a prevailing party, it does not automatically follow that the position of the United States was not substantially justified. Reasonable minds may differ.

Applying the *Kolman* test, the undersigned concludes that the position of the Defendant was not substantially justified. A review of the Report and Recommendation (#18) filed herein explains the conclusion. The document contains unusually strong language rejecting the position of the Defendant. For example, the undersigned made the following observation in connection with the issue of the ALJ's disregard of opinions from treating physicians, "the Commissioner failed to present any evidence or argument to support the premise that the doctors' opinions in these letters were based on Plaintiff's subjective complaints." (#18, p. 13). Further, it was noted in the Report and Recommendation, "the ALJ provided no explanation or evidence to backup his

accusation that Plaintiff's physicians were motivated simply by a desire to help Plaintiff obtain disability. (#18, p. 14). On the issue of credibility, the Report and Recommendation contained the following comment, "the ALJ's reasons are either without foundation or contrary to the record." (#18, p. 18). The Court concluded that the ALJ's credibility determination was patently wrong.

Further, the undersigned found that the ALJ had "grossly" mischaracterized the record when he ignored Plaintiff's ongoing medical problems and treatment. It was observed that "the ALJ impermissibly substituted his medical opinion for that of Plaintiff's treating physicians." (#18, p. 21).

Finally, it was noted that, "the ALJ did not provide any explanation for failing to consider the evidence regarding Plaintiff's headaches, neck pain, and feeding tube." (#18, p. 22).

The findings in the Report and Recommendation as summarized above, lead to the conclusion that the position of the Defendant was not substantially justified. Accordingly, the first objection raised by Defendant is rejected. The Court must proceed to determine the fees to which Plaintiff is entitled.

Defendant also attacks the amount of the fee request on the basis that it is unreasonable and does not reflect billing judgment. The real objection has to do with the 41.5 hours of work attributed to Attorney Hoppe. Defendant argues that since Attorney Hoppe was a relatively newly-minted attorney, "she was being trained at the same time she authored the brief." (#25, p. 5). Defendant asserts that the amount of time included for Attorney Hoppe should have been reduced to reflect her inexperience. At oral argument, counsel for Plaintiff pointed out that Attorney Hoppe had worked for Plaintiff's counsel's firm prior to becoming a lawyer and had written 23 briefs. Consequently, Attorney Hoppe is not as inexperienced as Defendant suggests.

In essence, Defendant asks the Court to assume that the hours attributable to Attorney Hoppe are excessive because of her inexperience. Based upon that assertion, the Court is invited to make an arbitrary reduction in those hours.

The Court does not consider the number of hours attributable to Attorney Hoppe excessive. The Court understands that Attorney Hoppe has substantially more experience in drafting briefs than a typical first-year associate. Further, it does not consider the total hours excessive in the context of this case.

For the reasons stated, the undersigned recommends pursuant to the authority of 28 U.S.C. § 636(b)(1)(B), that the Application for Attorney's Fees Under the Equal Access t Justice Act **(#24)** be **GRANTED and fees and costs totaling $9,227.38 be awarded.**

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within ten (10) working days after service of a copy of this recommendation. *See* 28 U.S.C. 626(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 16th day of March, 2009.

s/ DAVID G. BERNTHAL
U.S. MAGISTRATE JUDGE
